
JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3908 | **DATE** | 3/7/2002 |
| **CASE TITLE** | Schaefer vs. Querrey & Harrow, Ltd. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant Querrey & Harrow's motion (Doc 16-1) for summary judgment and deny their motion (Doc 17-1) for a protective order as moot. All matters in controversy having been resolved, final judgment is entered in favor of the defendant and against plaintiff.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 07 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 22 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |


SUSAN M. SCHAFER, )
)
       Plaintiff, )
)
vs. ) 01 C 3908
)
QUERREY & HARROW, LTD., )
)
       Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motions of Defendant Querrey & Harrow for summary judgment and for a protective order. For the reasons set forth below, the motion for summary judgment is granted and the motion for a protective order is denied as moot.

## BACKGROUND

Plaintiff Susan Schaefer ("Schaefer") is a legal secretary who was employed by Defendant Querrey & Harrow ("Querrey") from 1989 until 1999. Beginning in 1994 or 1995, Schaefer began to have several unexcused absences and was frequently late for work or left before her scheduled time. Numerous performance evaluations or memoranda noted these problems; Schaefer received the two most significant to this

cause of action in September 1998 and May 1999. The September memo noted nine unexcused absences in a three-month period and cautioned that further instances of unexcused time away from work could result in her termination.

In October 1998, Schaefer took leave from her job pursuant to the Family Medical Leave Act to give birth to her fourth child, Sarah. She remained on leave until March 29, 1999. Upon her return to work, Schaefer was not assigned to a permanent desk, which meant she did not have access to an emergency phone line. Shortly after her return, she was told that she would not receive a pay increase for the next year.

In the ensuing seven weeks, Schaefer missed four days of work and continued to be late for work. On May 17, 1999, Schaefer received her annual performance evaluation, which stated that she was not meeting Querrey's expectations in several areas, including organization, productivity, and attendance. The next day, Schaefer received a memo specifically addressing her unexcused absences, which stated that it was a final warning and that "[f]urther unexcused absences and/or tardiness will result in termination of employment with Querrey & Harrow, Ltd." Schaefer signed and dated the memo on May 18, 1999. Her attendance problems continued, and on May 26, she was fired.

Schaefer filed this suit *pro se* on May 25, 2001, alleging that Querrey's actions violated the Family Medical Leave Act ("FMLA"). Following several skirmishes over

discovery and deposition schedules, Querrey filed a motion for a protective order to prevent Schaefer from taking any depositions of firm employees, including Amy Kozy ("Kozy"), the firm's director of human resources. Subsequently, they moved for summary judgment of Schaefer's claims. Although the first motion was arguably mooted by our closing discovery last December, the outcome of the summary judgment motion completely forecloses the need for any protective order.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transport Co., 212 F.3d 969, 972 (7th

Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is with these principles in mind that we address Querrey's motion.

## DISCUSSION

Although Schaefer takes issue with several actions taken by Querrey,[1] her only potentially viable basis for legal relief stems from her allegations of unlawful retaliation. 29 U.S.C. § 2615(a); King v. Preferred Technical Group, 166 F.3d 887, 891 (7th Cir. 1999). Assuming, without deciding, that she had any other potential causes of action under the FMLA, she missed the two-year deadline for filing them. The last

---

[1] In their reply, Querrey points out that Schaefer does not comply with the requirements of Local Rule 56.1 in responding to their submitted statement of facts. They urge us to deem all their facts thus admitted. They are correct in noting that even *pro se* litigants such as Schaefer must comply with the rule or face the harsh consequence of admitting all uncontroverted facts. Greer v. Bd. of Educ. of Chicago, 267 F.3d 723, 727 (7th Cir. 2001). However, this outcome is justified only when the *pro se* party has notice of their obligations under the rule, which Local Rule 56.2 mandates be given by counsel for the moving party, namely Querrey. Querrey insists that they supplied this notice, but the letter they claim did so contains only an excerpt from Fed. R. Civ. P. 56(e). It contains no explanation of the strictures of Rule 56.1, let alone a notice in the format given by Rule 56.2. Without proper notice, Schaefer cannot be penalized for her failure to conform to procedure. Accordingly, this court has conducted an independent review of the entire record to determine which facts are undisputed or admitted.

event constituting an alleged violation of the FMLA must occur no more than 2 years before the complaint is filed. 29 U.S.C. § 2617(c)(1). Even the most generous reading of Schaefer's submissions shows that only her allegations of retaliatory behavior fall within the temporal scope of the statute.

The Seventh Circuit recently clarified that a plaintiff facing summary judgment in a retaliation suit can pursue two avenues to defeat the motion. Stone v. Indianapolis Public Utilities Div., 2002 WL 234239 (7th Cir. Feb. 19, 2002). In the FMLA setting, the first avenue consists of a showing that the plaintiff engaged in a statutorily protected activity and thereafter suffered an adverse employment action causally connected to the activity, i.e., that would not have been taken but for the employee's exercise of his or her statutory rights. King, 166 F.3d at 892. The plaintiff need not show that retaliation was the only reason that the employer acted; if retaliation was even a partial motivation, that is sufficient. Stone, 2002 WL 234239, at *2. The employer's evidence that its actions were not tainted by retaliatory motives must be unrebutted, or summary judgment is inappropriate. Id. Schaefer claims that Querrey punished her for taking FMLA leave in three ways: not giving her a permanent desk or emergency phone line when she returned from having Sarah, denying her a pay increase and a bonus for 1999, and terminating her employment. Querrey has offered reasons for each of these actions unrelated to Schaefer's FMLA leave. They claim that Schaefer was not given a

-5-

permanent desk or an emergency phone line because they were in the process of reconfiguring desk assignments when she returned from her leave. Pl.'s Dep. pp. 99-100. Kozy informed Schaefer when she complained about not receiving a pay increase for 1999 that those were awarded based on performance evaluations, and Schaefer's evaluation for that year would not support an increase. Pl.'s Dep. pp. 90-91, 102-103; Pl.'s Exh. C. Schaefer also argues that she should have received a bonus in August of 1999, which her termination prevented, but the evidence she offers in support of that assertion does not indicate a possibility that she was entitled to a bonus at all. Pl.'s Exh. D. Finally, Querrey's proffered reason for terminating Schaefer's employ is her repeated problems with tardiness and unexcused absences unrelated to her FMLA leave, which Schaefer admits happened. Pl.'s Dep. pp. 45, 108-109. She also admits having received at least two warnings that her continued practice of being late or not coming to work would result in her termination. Pl.'s Dep. p. 118, 146, 153.

To rebut these rationales and establish a triable issue of fact as to whether her FMLA leave led the firm to take the actions to which she objects, Schaefer first offers some pregnancy-related comments made by attorneys at Querrey. Occasional offensive comments are not relevant in an employment suit unless the plaintiff can show that the person making the comments is the same one who made the adverse employment decision. See, e.g., Schreiner v. Caterpillar, Inc., 250 F.3d 1096, 1099 (7th Cir. 2001).

Schaefer admitted that she had no evidence that the persons she identified as making comments regarding her pregnancies also made decisions regarding her desk assignment, phone access, pay increases or bonus, or her eventual termination. Pl.'s Dep. pp. 167-68. She also contends that Querrey's motivation is evidenced by several human resources decisions, such as the timing of a letter regarding insurance enrollment for Sarah, the fact that her final evaluation took place in May rather than January 1999, that she had to supply a copy of an uncle's obituary to have an absence excused in September 1998, and her status as a "floater" secretary. Even if it were not well settled that a court will not micromanage the decisions of personnel departments, imposing our ideas of proper employment practices upon businesses, we do not see how these actions support Schaefer's allegations of discriminatory intent. See, e.g., Nawrot v. CPC Internat'l, 277 F.3d 896, 906 (7th Cir. 2002). The letter regarding insurance for her new baby apparently arrived in enough time for her to successfully complete the enrollment process. Her statements with regard to her evaluation do not show any malfeasance by Querrey; Schaefer was still on leave in January 1999, making it impossible for her to receive her annual evaluation at the same time as all of her colleagues. As to the obituary, the absence seems to have been excused, and employers may request certification even for leave that would be covered by the FMLA, 29 U.S.C. § 2613(a), which does not include that stemming from avuncular illness or death. In addition, the

purpose of the FMLA is not to override an employer's leave policies but to allow employees to take leave for certain conditions that are particularly time-consuming. Price v. Fort Wayne, 117 F.3d 1022, 1023 (7th Cir. 1997). Her "floater" status, according to her supporting Exhibit G, came as a result of her own request for the position in 1997, not as a sort of demotion. Finally, Schaefer seems to argue that the mere existence of the actions of which she complains and the evaluations she received is enough to prove unlawful intent. Needless to say, the fact that these events transpired is not enough to create a triable issue of fact as to Querrey's intentions.

Although Schaefer cannot establish a causal link under the first avenue, in theory she may still be able to follow the second route, which is based on the McDonnell-Douglas burden-shifting analysis. Stone, 2002 WL 234239, at *3. To succeed, Schaefer must show that she, and no one similarly situated who did not take FMLA leave, was subjected to adverse employment action. Id. This presents immediate problems because she does not offer up any similarly situated employees whose situation we could compare to hers. However, even assuming that she could make this threshold showing, Querrey is still entitled to summary judgment if they present unrebutted evidence of noninvidious reasons for taking the adverse action. Id. As discussed above, Querrey has advanced such reasons for each of the allegedly retaliatory actions, and Schaefer admitted in her deposition that she had no evidence to

contradict the validity of those reasons. Pl.'s Dep., pp. 83, 90-91, 99-100, 102-103, 146, 210. Under either method discussed in <u>Stone</u>, we conclude that Querrey is entitled to summary judgment.

## CONCLUSION

Based on the foregoing analysis, then, we grant Querrey & Harrow's motion for summary judgment and deny their motion for a protective order as moot.

_____
Charles P. Kocoras
United States District Judge

Dated: _____March 7, 2002_____